HANNAH HARRIS *vs.* WILLIAM HARRIS & others.

A testator devised to his wife 'the Haynes place, with the Pierce lot, meaning to in-
clude all my real estate that lies west of the Shirley road, except what belongs to the
Bennet place.'' The Bennet place and the Haynes place extended both sides of the
road. The testator owned a lot, called the Page lot, the easterly side of which ad-
joined the westerly part of the Bennet place ; but after he purchased the Bennet
place, he removed the fence between that place and the Page lot, and occupied both
in common for fifteen years next before his death. *Held,* that the Page lot did not
pass to the wife, by the devise.

WRIT of entry to recover a parcel of land in Lunenburg,
called the Page lot. The case was submitted to the court on
the following facts :

William Harris, by his last will, proved and allowed in No
vember, 1839, devised land to his wife, the demandant, which
he thus described, viz., " the Haynes place, so called, with the
Pierce lot, so called ; meaning to include all my real estate that
lies west of the town road leading by my house to Shirley
village, except what land belongs to the Bennet place, so
called, on which I now live." He devised the rest of his
real estate to his children, the tenants, to be equally divided
among them.

The testator purchased the Bennet place, consisting of 130
acres, of James Bennet, in 1825, and resided thereon when he
executed his will, and until his death. In 1824, he purchased
the Page lot, containing about 12 acres. In 1803, he pur-
chased the Haynes place, and, in 1830, the Pierce lot, contain-
ing about 14 acres. · The three last mentioned parcels of land
were separated from each other by fences, and were described,
in the deeds of conveyance to the testator, by metes and bounds
The Page lot and the Haynes place were described as bound-
ing on land of said James Bennet.

About a year after the testator purchased the Page lot, viz.,
in 1825, he removed the fence between that lot and the Bennet
place, and that lot was ever afterwards occupied by the testa-
tor in common with an adjoining pasture of the Bennet place.

The Bennet place and the Haynes place extended on both sides of the Shirley road.

Tenants to be defaulted, if the Page lot passed to the demandant by the will; otherwise, the demandant to become nonsuit.

*Washburn*, for the demandant. Lands included in a general description, in a deed or devise, will pass, unless such description is plainly restricted by a particular description. *Tyler v. Hammond*, 11 Pick. 212. *Child* v. *Ficket*, 4 Greenl. 471. Hob. 172. 23 Amer. Jurist, 274, 275. Under this rule of construction, the demandant is entitled to the Page lot. The devise, in this case, is not first general, and then limited by a specific description. The testator began to describe what he intended to give to the demandant, and then indicated his intention by adding all his lands, except the Bennet place. If he merely meant to give the Pierce lot and so much of the Haynes place, as lay west of the road, he would have said so, and not have added any thing further.

*Wood*, for the tenants. General words in a deed or devise are to be restrained by the preceding special words of grant or gift. *Cole* v. *Knight*, 3 Mod. 277. *Butcher* v. *Butcher*, 1 New Rep. 113. *Thorpe* v. *Thorpe*, 1 Ld. Raym. 235. *Moore* v. *Magrath*, Cowp. 9. *Smith* v. *Strong*, 14 Pick. 128. *Tyler* v. *Hammond*, 11 Pick. 193. In the present case, the general words of the devise, " all my real estate," &c, are restrained by the preceding words confined to the Haynes place and Pierce lot.

If the court shall not find this rule of construction applicable to the case at bar, then the tenants submit that the Page lot is excluded from the devise to the demandant, by the exception of the Bennet place : That is, the Page lot was regarded by the testator as part of the Bennet place. *Carden* v. *Tuck*, Cro. Eliz. 89. *Boocher* v. *Samford*, Cro. Eliz. 113. *Higham* v. *Baker*, Cro. Eliz. 15. *Hearn* v. *Allen*, Cro. Car. 57. *Doe* v. *Collins*, 2 T. R. 498. *Blackborn* v. *Edgley*, 1 P. W. 603. *Otis* v. *Smith*, 9 Pick. 293.

SHAW, C. J. The question in this case is hardly intelligible

34 *

without reference to the plan.* That question is, what did the testator intend to devise to his wife, by the terms used in his will. All the rules of construction are designed to enable us to ascertain the intent of the testator ; and that intent, ascertained by a just construction of every part of the will, and its application to the lands, to which the terms of locality and description must apply, will afford a governing rule for ascertaining the extent of the particular devise. The general rules of construction are too well known and familiar to require repetition; and the particular descriptions, in different cases, vary so materially, that the decision upon one set of descriptive words seldom furnishes an authority for any other case.

The question in the present case is, whether the devise to the wife embraced the Page lot. It is contended for the wife, that it did, because that lot, though not named, lay west of the road. But a part of the estate lying west of the road was excepted, and whether the lot in question is embraced in the devise or the exception, must be ascertained from considering the whole will, and the situation of the different lots.

It will be observed, that the testator owned lands on the east side of the Shirley road ; that the Haynes place, and the Bennet place, as he purchased them, lay on both sides of that road. When therefore, he gave to his wife the Haynes place,

so called, it became necessary to use some words, excepting that part of the Haynes place, which lay on the east side of the road. It will also be perceived that the Pierce lot, which was also given to the wife, adjoined the Haynes lot, west of the road. The Page lot, which is the one in question, did not adjoin either the Haynes lot, or the Pierce lot. But it did adjoin the Bennet lot ; and it appears that the testator, soon after he purchased the Bennet lot, removed the fence, which separated that from the Page lot, which he before owned, and threw them together into one close, of which the Bennet lot constituted much the largest part, and that he ever after used them together as one pasture, to the time of his death. We think then, that when the testator gave the Haynes lot and the Pierce lot, specifically and by name, and then adding the words "meaning all west of the road, except," &c., he did not mean to enlarge the devise to the Page lot, but intended to prevent the gift of the Haynes place from including that portion thereof, lying east of the road. Again, the exception out of the real estate which lies west of the road is this, " except what land belongs to the Bennet place, so called." It is not land purchased of Bennet, but belonging to the Bennet place, so called. The testator had, by removing the fence, connected the Page lot with the Bennet lot, and used them as one enclosure. It may be considered, therefore, without doing violence to the language, as belonging to the Bennet place, as that term was understood and used by the testator. At least this appears much more probable, than that the testator, after devising two lots, by name, on the west side of the road, intended to give another detached lot on the west side of the road, under words which, in their primary object at least, were intended to qualify the devise of the Haynes place, by limiting it to that part of the Haynes place, which lay on the west side of the road. Upon the whole will, the court are of opinion that the devise did not embrace the Page lot, and that the demandant therefore is not entitled to recover.